UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENERATION II ORTHOTICS INC., a British Columbia company; and GENERATION II USA INC., a Washington corporation,

    Plaintiffs,

    v.

MEDICAL TECHNOLOGY INC., d/b/a BLEDSOE BRACE SYSTEMS, a Texas corporation,

    Defendant.

CASE NO. C95-1842C

ORDER

I.   INTRODUCTION

This matter has come before the Court on Plaintiffs' updated fee award request (Dkt. No. 325), filed at the behest of the Court's June 10, 2005 order (Dkt. No. 323). The request requests recovery from Defendant as follows:

    1.     $3,386,145.00 as damages;

    2.     $1,561,615.00 in pre-judgment interest on the damages;

    3.     $1,831,313.39 in attorney fees; and

    4.     $493,363.00 in pre-judgment interest on the attorney fees.

ORDER – 1

II.  DISCUSSION

Defendant responded to Plaintiffs' updated request, objecting to the apparent inclusion of expert witness fees beyond those related to trial and deposition appearances, to attorney hourly billing rates over $450, and to Plaintiffs' request for pre-judgment interest on attorney fees.

*A.  Expert Witness Fees*

In its order dated June 10, 2005 (Dkt. No. 323), the Court determined that Plaintiffs had made a sufficient showing to justify an award of attorney fees under 35 U.S.C. § 285.  "[A]n award under section 285 encompasses only attorney fees; expert witness fees fall under 28 U.S.C. § 1920, subject to the 28 U.S.C. § 1821(b) limitation." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377 (Fed. Cir. 1994).  A court may invoke its inherent power to impose sanctions and assess expert fees beyond the § 1821(b) cap if it finds that a party has committed fraud upon the court or has abused the judicial process.  *Id.* at 378-79.  However, "not every case qualifying as 'exceptional' under section 285 will qualify for sanctions under the court's inherent power." *Id.* at 378.

In the case at bar, the Court determined that exceptional circumstances within the meaning of section 285 existed because the jury had returned a finding of willful infringement.  However, the Court specifically stated that "[a]side from the willfulness of Defendant's infringement, the Court does not find that the record shows conclusively that Defendant conducted itself in bad faith, therefore rendering itself more culpable."  (June 10, 2005 Order at 8.)  Under the rule set forth by the Federal Circuit in *Amsted*, this latter finding disallows an award of expert fees beyond that authorized by § 1821(b).  Therefore, the Court finds that Plaintiffs' request for recovery of expert witness fees must be reduced accordingly.

*B.  Hourly Rates*

The Court's June 10, 2005 discussion of attorney fees found specifically that Plaintiffs' attorneys' hourly rates, ranging from $135.00 to $450.00, were reasonable and justified in light of the complexity of the case.  Defendant's response points out Plaintiffs' billing statements also include hours billed at rates up to $610.00.  While it appears that the Court inadvertently overlooked the billing of these rates, these

ORDER – 2

rates having been billed more or less by trial counsel on the eve of trial, the Court does not find that these rates are unreasonable. First, the Court notes that these higher rates are attributable to only two attorneys (one at $525.00, the other at $610.00). Second, the Court notes that these two attorneys appear to have been involved only immediately prior to and during trial. Third, the total amount represented by these two attorneys' billings is $134,291.25, far less than 10% of the total attorney fee award requested. Finally, the Court notes that these two attorneys obtained a very favorable result for their clients at trial. For all these reasons, the Court finds that both the hourly rate and the billings attributable to the two attorneys billing at these higher rates are reasonable and justified.

### C. *Pre-judgment Interest on Attorney Fees*

Defendant correctly points out that except under the same circumstances as would warrant the award of expert witness fees beyond those authorized by 28 U.S.C. § 1821(b), the Court may not award pre-judgment interest on an award of attorney fees. *See Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991) (explaining that prejudgment interest is properly awarded to the primary or actual damages portion of an award); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1130 (9th Cir. 2004) (explaining that attorney fees and costs are not considered part of the compensation due to plaintiffs, unlike prejudgment interest); *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) (authorizing prejudgment interest on attorney fees pursuant to a court's inherent equitable power in cases of bad faith or other exceptional circumstances). The Court finds that the same reasons that disallow an award of expert witness fees also disallow an award of prejudgment interest on the attorney fees. For this reason, Plaintiffs' request for prejudgment interest on its attorney fees is hereby DENIED.

//

//

//

ORDER – 3

III.   CONCLUSION

In accordance with the foregoing, the Court hereby directs the parties to come to an agreement as to which expert witness fees must be excluded from Plaintiffs' final attorney fee request. The parties are directed to submit a final proposed form of judgment consistent with the Court's holdings as discussed above. This submission should be made within twenty (20) days of entry of this order.

SO ORDERED this <u>15th</u> day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 4